(7 Misc. Rep. 492.)

### LEES v. PITNEY.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

APPEAL—REVERSAL—CONTRADICTORY STATEMENT IN RETURN.
 On appeal by defendant from a district court of New York city, the return stated that the justice rendered judgment in favor of plaintiff, "as set forth in the judgment annexed." No judgment was annexed, except a memorandum reciting certain items of claim, and concluding: "Therefore, judgment for defendant, that he retain possession of one roan horse to satisfy a lien of $25." Held, that such judgment would be reversed.

Appeal from second district court.
Action by John Lees against James W. Pitney. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.
Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

W. Arrowsmith, for appellant.
J. Callahan, for respondent.

PER CURIAM. This is an appeal by defendant from a judgment of the justice of the second district court in an action of replevin to recover a horse and cart which were held by the defendant, a stable keeper, under a claim of lien. The question litigated upon the trial was whether defendant had a lien. The justice found that he had, to the amount of $25, after setting off against his

charges various charges for cigars he had bought; and on January 19, 1893, signed and filed a "memorandum," as follows:

"The cigars of August 4th, allowed at $70, and the six hundred cigars admitted, at $30, making $100. The keep of the horse from August 1st to December 31st, at $25 a month, $125. Therefore, judgment for defendant, that he retain possession of one roan horse to satisfy a lien of $25.

"Dated New York, Jan. 19, 1893."

But the return upon appeal certifies that on the 19th day of January, 1893, he rendered a judgment "in favor of the plaintiff against the defendant, as set forth in the judgment annexed to it." No judgment is annexed except the memorandum above referred to. The return therefore shows, first, a judgment in favor of defendant, and ultimately one in favor of plaintiff, and will have to be reversed. There being a finding of a lien in favor of defendant, he should have had judgment. Judgment reversed, and new trial ordered, with costs to appellant, to abide event. All concur.